**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS J. MUSTO, JR., | : | |
| | : | Civil Action No. 05-4781 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BUGLER TOBACCO COMPANY, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    THOMAS J. MUSTO, JR., Plaintiff <u>pro se</u>
    #206059/92436
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**WOLFSON**, District Judge

    Plaintiff Thomas J. Musto, Jr. ("Musto"), a state prisoner currently confined at Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Musto's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court finds that the Complaint should proceed in part.[1]

### I.   BACKGROUND

The following factual allegations are taken from Musto's Complaint and are accepted as true for purposes of this review.

Musto alleges that he has been treated for asthma since his arrival at the SouthWoods State Prison ("SWSP") in Bridgeton, New Jersey, in January 2002. The medical staff at SWSP had classified plaintiff as a "chronic care" inmate and gave him quarterly examinations. They also prescribed Musto "Accolate" pills and two inhalers. (Complaint, ¶ 14).

Musto was confined in a two-man cell with other inmates who were chain smokers. These inmates smoked Bugler Tobacco cigarettes and Black & Mild cigars. The smoke from these inmates aggravated plaintiff's asthma, inducing coughing, shortness of breath and chest pain. The smoke would also permeate the clothing, towels, and bedding in the cell. At all times and places in SWSP, Musto was exposed to cigarette smoke and had no protection from environmental tobacco smoke ("ETS"). (Compl., ¶¶ 15-20).

---

[1] Musto also filed a motion for appointment of counsel (Docket Entry No. 3), which was denied without prejudice on January 12, 2006. (Docket Entry No. 5).

Musto continually complained to the medical staff and others at SWSP about his exposure to ETS. He filed numerous medical services requests and other administrative remedy complaints since 2002 up through July 2005. Musto complains that nothing has been done to alleviate his exposure to ETS. He alleges that his health and safety are in danger. (Compl., ¶¶ 21-24).

Musto asserts that the defendants have violated state law, in particular, N.J.S.A. 26:3D-1, et seq., and his Eighth Amendment right to be free from cruel and unusual punishment. The Complaint names the following parties as defendants: Bugler Tobacco Company a/k/a Lane Limited; John Middleton, Incorporated; Kathryn MacFarland, Administrator at SWSP; and the SWSP. Plaintiff seeks injunctive relief directing that he be protected from ETS at SWSP.[2] He also asks for compensatory damages in the amount of $3 million and punitive damages in the amount of $3 million.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks

---

[2] The request for injunctive relief is directed at the defendant MacFarland, who is the warden or administrator at SWSP. However, because plaintiff has been transferred to another prison, his claim for injunctive relief is now rendered moot and will be dismissed accordingly.

3

redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[3]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

---

[3] Musto should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). It does not appear that Musto has filed any lawsuits which were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, at this time.

4

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.  SECTION 1983 ACTIONS

Musto states that he is bringing this action under 42 U.S.C. § 1983, as well as under state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.  Claims as to Bugler Tobacco Co. and John Middleton, Inc.

The Complaint alleges that defendants, Bugler Tobacco Company and John Middleton, Incorporated, have refused to label their tobacco products to show that the products pose a risk and danger from secondhand smoke and/or ETS.  Musto contends that these acts and omissions are "deliberate and wicked" and have caused an aggravation of his serious medical condition in

violation of his constitutional rights. (Compl., ¶¶ 26, 28). However, no where in the Complaint are there any allegations that these private companies were acting under color of state law so as to make them liable to plaintiff under § 1983. Therefore, these defendants are not subject to § 1983 liability and any claims asserted under § 1983 must be dismissed for failure to assert a cognizable claim upon which relief may be granted.

However, to the extent that Musto is alleging a product liability claim or a negligence claim against these defendants, such claims are not subject to sua sponte dismissal. Subject matter jurisdiction may be predicated on federal question jurisdiction under 28 U.S.C.§ 1331, or diversity jurisdiction under 28 U.S.C. § 1332. Here, there is diversity of citizenship between the plaintiff, who is incarcerated in New Jersey, and the defendants, who appear to be incorporated or doing business in Georgia and Pennsylvania. The matter in controversy also exceeds the amount of $75,000.00. 28 U.S.C. § 1332(a). Therefore, since Musto's allegations, if true, may support a claim of either negligence or product liability, the Court will allow these claims to proceed, as against these defendants only, at this time.

B.   Claims as to Defendant SWSP

Next, the named defendant, SWSP, is not a "person" subject to suit under 42 U.S.C. § 1983. See Will v. Michigan Dept. of

7

State Police, 491 U.S. 58, 68-70 (1989) (holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).  Therefore, the Complaint will be dismissed in its entirety as against the defendant SWSP.

C.  Claim Against Defendant MacFarland

In his claim against Warden MacFarland, Musto alleges that she refused to adhere to state and federal law to protect plaintiff from exposure to ETS,[4] and that this deliberate exposure to ETS aggravated plaintiff's serious medical condition.

Prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to excessive levels of environmental tobacco smoke (hereafter "ETS").  Helling v. McKinney, 509 U.S. 25, 35 (1993); Atkinson v. Taylor, 316 F.3d 257, 262-66 (3d Cir. 2003).  In satisfying the objective factor of an Eighth Amendment claim, a plaintiff must show that he presently is being exposed to unreasonably high levels of ETS.  The court must consider whether

---

[4] Plaintiff's state law claims against defendant MacFarland will be dismissed for lack of subject matter jurisdiction since they present no federal question pursuant to 28 U.S.C. § 1331, and no diversity of citizenship under 28 U.S.C. § 1332(a).

the risk of potential harm to a plaintiff is one "so grave that it violates contemporary standards of decency to expose anyone to such a risk." Helling, 509 U.S. at 36; Atkinson, supra.  A plaintiff must also prove the subjective element of his claim, that defendants are deliberately indifferent to the health risks associated with ETS.  The existence or non-existence of a smoking policy at the institution is relevant to the court's inquiry into deliberate indifference.  Helling, supra; Atkinson, supra; see also Little v. Lycoming County, 912 F. Supp. 809, 818 (M.D. Pa.), aff'd sub nom., Little v. Smith, 101 F.3d 691 (3d Cir. 1996); Jordan v. New Jersey Department of Corrections, 881 F. Supp. 947, 952 (D.N.J. 1995).  While the adoption of a no-smoking policy at an institution might indicate that prison officials are not deliberately indifferent to the health risks associated with excessive exposure to ETS, see Jordan, supra, failure or unwillingness to enforce such a smoking ban may suggest such deliberate indifference.  Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995); Warren v. Keane, 937 F. Supp. 301, 305 (S.D.N.Y. 1996), aff'd and remanded, 196 F.3d 330 (2d Cir. 1999).

Here, Musto alleges that he had been exposed to ETS from January 2002 through December 2005 from chain smoking inmates housed in plaintiff's cell, and throughout the prison at all times.  Defendant continued to house plaintiff under these conditions despite his known asthma condition and numerous

written complaints.  Musto also alleges that he has experienced serious respiratory problems as a result of this continual exposure to ETS.  Thus, reading the allegations in a light most favorable to Musto, and accepting plaintiff's allegations as true at this stage of preliminary screening, the Court finds that plaintiff may be able to support a conditions claim that he was exposed to excessive levels of ETS that caused him harm that would allow this claim seeking monetary to proceed at this time.

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed in its entirety as against defendant, South Woods State Prison, for failure to state a cognizable claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Further, the § 1983 claims asserted against defendants Bugler Tobacco Company and John Middleton, Inc., will be dismissed for failure to state a claim, but the remaining negligence and/or product liability claims will be allowed to proceed at this time.  Finally, the state law claim asserted against defendant MacFarland will be dismissed with prejudice for failure to state a claim, but the Eighth Amendment claim asserting exposure to ETS will be allowed to proceed.  An appropriate Order follows.

                                                S/Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge

Dated: March 2, 2006